```
                UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT CHARLESTON
```

**UNITED STATES OF AMERICA**

**v.**                                    **CRIMINAL ACTION NO. 2:03-00174-02**

**ANTHONY CLAYTON ROBERTS**

<u>**SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER**</u>
<u>**MEMORANDUM OPINION AND ORDER**</u>

On October 17, 2011, the United States of America appeared by Michael B. Hissam, Assistant United States Attorney, and the defendant, Anthony Clayton Roberts, appeared in person and by his counsel, Troy N. Giatras, for a hearing on the petition on supervised release submitted by United States Probation Officer Jeffrey D. Bella, the defendant having commenced a five-year term of supervised release in this action on January 7, 2011, as more fully set forth in the Judgment Including Sentence Under the Sentencing Reform Act entered by the court on March 11, 2004.

The court heard the admissions of the defendant and the representations and argument of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found that the defendant has violated the conditions of supervised release in the following respects: (1) that the defendant committed the federal and state offenses of operating a clandestine methamphetamine lab and conspiracy as evidenced by his guilty plea to those charges on June 27, 2011, in Kanawha County Magistrate Court; (2) that the defendant committed the state offense of simple possession of methamphetamine for which he was cited after he wrecked his vehicle on June 10, 2011; (3) that the defendant failed to submit a monthly report from February 2011, until the filing of the petition on July 22, 2011; (4) that the defendant failed to comply with the probation officers instructions as set forth in Violation No. 3; (5) that the defendant quit his job on April 10, 2011, without good cause and failed to report his change in work status to the probation officer; (6) that the defendant used and possessed controlled substances as evidenced by positive urine specimens for methamphetamine submitted by him on February 21, March 7 and 16, and April 16, 2011, and for methamphetamine and marijuana on April 11, 2011, and as also evidenced by his signed admission for using methamphetamine on February 21 and March 7, 2011; (7)

that the defendant failed to attend outpatient counseling as instructed on May 11, 17, 18, 24, 25 and 31; and June 7 and 14, 2011; and (8) that the defendant failed to provide urine screens as instructed on April 27; May 12, 18 and 20; June 6, 24, 27 and 30; and July 6 and 7, 2011; all as admitted by the defendant on the record of the hearing and as set forth in the petition on supervised release.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Procedure, and finding, on the basis of the original offense, the intervening conduct of the defendant and after considering the factors set forth in 18 U.S.C. § 3553(a), that the defendant is in need of correctional treatment which can most effectively be provided if he is confined, it is accordingly ORDERED that

the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of TWENTY-FOUR (24) MONTHS, to be followed by a term of three (3) years of supervised release upon the standard conditions of supervised release now in effect in this district by order entered June 22, 2007, and the further condition that the defendant not commit another federal, state or local crime.

The defendant was remanded to the custody of the United States Marshal.

<u>Recommendation</u>:  The court strongly recommends that the defendant be afforded the benefit of a Comprehensive/ Residential Drug Treatment program.  To the extent compatible with this recommendation, the court recommends that the defendant be designated to FCI Ashland and be afforded the benefit of participation in vocational/educational programs.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED:  October 27, 2011

_____
John T. Copenhaver, Jr.
United States District Judge